**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| SINGH AMANPREET,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE; PATRICK DIVVER; KRISTI NOEM; PAMELA BONDI,<br><br>Respondent. | Case No.:  26cv0344 DMS DEB<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a return to the Petition.  Petitioner did not file a traverse.

As set out in the briefing, Petitioner is a citizen of India. (Return at 2.)  On December 23, 2024, he entered the United States near Tecate, California without inspection by an immigration officer, where he was apprehended by border patrol agents and taken into custody. (*Id.*)  He is currently detained at Otay Mesa Detention Center.  (Pet. at 1.)

On April 9, 2025, Petitioner was issued a Notice to Appear ("NTA") before an immigration judge with a hearing date of April 21, 2025.  (ECF No. 1-2.)  Petitioner states his initial hearing was held on December 30, 2025, and his next hearing is scheduled for April 21, 2026.  (Return, Ex. 4.)

In between receipt of his NTA and his first immigration hearing, it appears Petitioner had two bond hearings before two different immigration judges, one on April 25, 2025, and one on October 17, 2025. (Pet. at 2.) According to Petitioner, both judges denied his request for bond on the ground they lacked jurisdiction. (*Id.*)

On January 15, 2026, Petitioner, proceeding pro se, filed the present case seeking his release from custody. He raises three claims: First, that his prolonged detention violates his due process rights. Second, Petitioner argues his continued detention is unlawful because his removal is not reasonably foreseeable. Third, Petitioner claims his requests for bond were unlawfully denied. In response to the Petition, Respondents raise a number of arguments. First, they argue the Court lacks jurisdiction to consider Petitioner's claim. Second, they assert Petitioner is lawfully detained under 8 U.S.C. § 1225(b). Third, Respondents contend Petitioner's detention has not been unreasonably prolonged.

In *De la Torre Duran v. Doe*, Case No. 25cv3230 DMS (DDL), this Court addressed claims and arguments similar to those raised here based on facts similar to those in this case. *See also Ogandzhanian v. Warden of Otay Mesa Detention Center*, Case No. 26cv0093 DMS MSB, ECF No. 6. In *De la Torre Duran*, the Court considered the factors set out in *Banda v. McAleenan*, 385 F.Supp.3d 1099, 116-17 (W.D. Wash. 2019), to conclude the petitioner's continued detention without a bond hearing violated his due process rights. *See De la Torre Duran*, ECF No. 11. Applying those factors to the present case results in the same conclusion. Indeed, on the length of detention factor, Petitioner here has been detained for fourteen months, more than two months longer than the petitioner in *De la Torre Duran*.

Under the reasoning of *De la Torre Duran*, which the Court applies to the present case, the Court grants the Petition. Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration court within fourteen (14) days of this

/ / /

/ / /

26cv0344 DMS DEB

Order.  The parties are ordered to file a Joint Status Report within twenty-one (21) days of this Order's entry confirming Petitioner received a bond hearing and setting out the results of that hearing.

**IT IS SO ORDERED**.

Dated:  February 24, 2026

Hon. Dana M. Sabraw
United States District Judge

26cv0344 DMS DEB